IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 125-105 |
| JEREMY COHEN; LORIN COHEN; XYTEX CRYO INTERNATIONAL, LTD.; and XYTEX VENTURES, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Before the Court is Defendants Jeremy Cohen and Lorin Cohen's (the "Cohen Defendants") motion to seal certain email attachments submitted as Exhibits to their Reply in Support of their Cross Motion for Partial Summary Judgment.  (Doc. no. 39.)  The Cohen Defendants ask the Court to seal certain client records maintained by Defendant Jeremy Cohen and submitted in support of their Reply.  These records contain information related to Defendants Xytex Cryo International, LTD. and Xytex Ventures, LLC, Defendant Jeremy Cohen's former clients, who are adverse to the Cohen Defendants in certain underlying litigation pending in the Superior Court of Columbia County, Georgia (the "Xytex Litigation"). The Cohen Defendants request that the Court file these records under seal until the conclusion of that litigation.

The public right of access to judicial records is well-established and extends to the inspection and the copying of court records and documents.  See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).  However, this right of access is not absolute.  BASF Corp. v. SNF Holding Co., Civil Action No., 4:17-cv-251, 2019 WL 2881594, at *4 (S.D. Ga. July 3, 2019) (citing Globe Newspaper Co v. Super. Ct. for Norfolk Cty., 457 U.S. 596 (1982)). "When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal." Id.  (internal citations omitted).  In balancing these interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

For the reasons stated by the Cohen Defendants, the Court finds that sealing the materials concerned will not impair court functions in this litigation and that protecting the privacy interests of Defendants outweighs the public's right of access to these materials. Moreover, the Court has reviewed the Exhibits B, C, and D and has determined they must be sealed in their entirety rather than redacted.

Therefore, the Court **GRANTS** the Cohen Defendants' Motion to Seal.  (Doc. no. 39.) The cover pages for Exhibits B, C, and D shall remain on the docket as placeholders.  (Doc. no. 38-2, pp. 7-9.)  The Court further **ORDERS** the Clerk of Court to maintain under seal, for *in camera* review as necessary for consideration of the Cross Motion for Partial Summary

Judgment, the original documents submitted under seal, pending resolution of the Xytex Litigation. The parties are directed to inform the Court upon resolution of the Xytex Litigation, at which time they may move for a renewal of the provisional seal within 15 days of the same.

SO ORDERED this 11th day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA